UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GLENN A. STEWART, JR., | ) | CASE NO. 1:09 CV 1475 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

<u>Pro se</u> plaintiff Glenn A. Stewart filed the above-captioned action against the United States, the Department of Justice, the Federal Bureau of Prisons ("BOP"), the Federal Prison Industries, Inc., aka UNICOR, United States Attorney General Eric Holder, former United States Attorney for the Northern District of Ohio Gregory White and BOP General Counsel Harley Lapin [sic].[1] In the complaint, plaintiff alleges he was exposed to toxic dust carried on the clothing of inmates who worked in the UNICOR recycling center at the Federal Correctional Institution at Elkton, Ohio ("FCI-Elkton"). He seeks compensatory and injunctive relief.

---

[1] Harley G. Lappin has been the Director of the Federal Bureau of Prisons since April 4, 2003.

## Background

Mr. Stewart was incarcerated at FCI-Elkton from 1998 to 2004 when he was transferred to FCI-Loretto in Pennsylvania. He claims when he was at FCI-Elkton, he was exposed to various toxic substances generated from the UNICOR recycling plant located on the ground of FCI-Elkton. He indicates he did not work at the recycling plant, but claims other inmates who did work in the plant were covered in dust after work and often brushed it off of their clothing near him. He contends he noticed a substance in the air which, at the time, he believed to be pollen. He states he has suffered spots on his lungs, partial loss of a lung, memory loss, deterioration of his bones and joints, muscle pain, skin lesions, and migraine headaches. He seeks injunctive and monetary relief.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

As an initial matter, Mr. Stewart has not clarified the cause of action he wishes to pursue. He indicates that this action may fall under the Federal Torts Claims Act. The Federal Tort Claims Act provides the exclusive jurisdictional basis for tort claims against the United States. Before a party may bring such an action, however, the claim must first be submitted to the proper federal agency. 28 U.S.C. § 2675(a). The administrative prerequisites of § 2675 are met if the claimant (1) gives the agency written notice of his or claim that is sufficient to enable the agency to investigate and (2) places a value on his claim. Douglas v. United States, 658 F.2d 445, 447 (6th Cir. 1981). Mr. Stewart admits he did not exhaust his administrative remedies before filing this action. To the extent he intended to assert a tort claim against these defendants, he cannot proceed with that cause of action at this time.

Mr. Stewart also indicates he may be raising a Bivens[3] claim for violation of his Eighth Amendment rights. Bivens claims, however, may not be brought against the United States or one of its federal agencies. See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 484-86 (1994); Okoro v. Scibana, No. 02-1439, 2003 WL 1795860, at * 1 (6th Cir. Apr. 1, 2003)(stating that a federal prisoner can not bring a Bivens action against the Bureau of Prisons). His Eighth Amendment claims against the United States, the Department of Justice, the BOP, and UNICOR are dismissed.

Plaintiff's Eighth Amendment claims against United States Attorney General Eric Holder, former United States Attorney for the Northern District of Ohio Gregory White and BOP General Counsel Harley Lapin are also dismissed. A plaintiff cannot establish the liability of any

---

[3] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

3

defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which reasonably associate these defendants to any of the claims set forth by plaintiff.

Finally, the court notes the plaintiff is seeking injunctive relief. He was transferred from FCI-Elkton in 2004. A prisoner's claim for injunctive relief becomes moot when the prisoner is no longer confined at the prison where the claim allegedly arose. See Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996). As Mr. Stewart seeks to enjoin recycling activities at FCI-Elkton where he is no longer incarcerated, his claim for injunctive relief is moot.

## Conclusion

Accordingly, Plaintiff's claim under the Federal Torts Claims Act is dismissed without prejudice pursuant to 28 U.S.C. §1915(e). His remaining claims are dismissed with prejudice. The court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

DATE: October 30, 2009

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[4]  28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

4